UNITED STATES DISTRICT COURT:
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS F. LIOTTI, ESQ., on behalf of himself
and the Pro Bono Publico Bar Association, Inc.   **VERIFIED COMPLAINT**

                            Plaintiff,

      -against-

THE NASSAU COUNTY BOARD OF ELECTIONS
THE NEW YORK STATE BOARD OF ELECTIONS
THE NASSAU COUNTY REPUBLICAN COMMITTEE;
THE NASSAU COUNTY DEMOCRATIC COMMITTEE;
THE NASSAU COUTY CONSERVATIVE PARTY;
and THE BAR ASSOCIATION OF NASSAU COUNTY, INC.
                          Defendants.
------------------------------------------------------------------------X

        Thomas F. Liotti, Esq. an attorney duly admitted to the practice of law within the State of New York and this federal court affirms and declares under penalties of perjury as follows:

1. That I am a citizen of the United States; registered to vote and a resident of Nassau County.

2. The Pro Bono Publico Bar Association, Inc. is a Not-for-Profit Corporation organized under the laws of the State of New York. Its purpose is to engage in strategic litigation involving public policies. It is located in Nassau County at 600 Old Country Road, Suite 530, Garden City, New York.

3. The defendant, the Nassau County Republican Committee or Grand Old Party (G.O.P.) is upon information and belief, a Not-for-Profit Corporation within the State of New York and organized to promote its candidates for elective office and political issues consistent with its platforms and philosophies. It is located at 164 Post Ave, Westbury, County of Nassau, New York.

4. The defendant the Nassau County Democratic Committee is upon information and belief, a Not-for-Profit Corporation, within the State of New York and organized to promote its candidates for elective office and political issues consistent with its platforms and philosophies. It is located at 500 Old Country Road, Suite 103, Garden City, County of Nassau, New York.

5. The defendant the Nassau County Conservative Party is upon information and belief, a Not-for-Profit Corporation, within the State of New York and organized to promote its candidates for elective office and political issues consistent with its platforms and philosophies. The Chair of the Party is Daniel M. Donovan, located at 1 Sydney Street, Plainview, County of Nassau, New York.

6. The Bar Association of Nassau County, Inc. is a New York Not-for-Profit Corporation, comprised of New York attorneys and judges and organized for the purpose of promoting issues and practices of concern to them.

7. Some years ago when the Nassau County Republican Committee controlled nearly all elected positions including the judiciary whose members were also elected, they agreed with the Nassau County Democratic Committee to cross endorse members of the judiciary who were standing for re-election.

8. At or about the same time the Bar Association of Nassau County Inc. and the aforementioned political parties agreed that candidates for the judiciary would not be nominated unless first approved as "qualified" by the defendant Nassau County Bar Association's Judiciary Committee.

9. The defendants have conspired and colluded together to deprive registered voters of a freedom of choice in voting rights as guaranteed by the Fourteenth and

2

Fifteenth Amendments of the United States Constitution and the First Amendment's freedom of association provisions of the United States Constitution. 42 U.S.C. §1983.

10. Since that time the defendants have included in those agreements' cross endorsements of judicial candidates who have not previously served as members of the judiciary and who have not been previously elected to the judiciary.

11. The purpose of this action is to declare, <u>nunc pro tunc</u>, these policies and actions by the defendants illegal and unconstitutional which except for "right-in" campaigns, deprive voters of choice among judicial candidates and virtually guarantees the election of the cross endorsed judicial candidates who have not previously served. For example, David Gugerty, a Nassau County Democratic Elections Commissioner and Christopher Ostuni, Counsel for the Majority Republicans in the Nassau County Legislature have both been cross endorsed by agreement among these defendants. Neither has previously served as a judge. See Celeste Hadrick, <u>David Gugerty, Ostuni Cross-Endorsed for Supreme Court in Nassau</u>, Newsday, June 2, 2019. Gugerty is the Democratic Oyster Bay Town Leader and Ostuni is the son-in-law of former Nassau Republican Chairman Joseph Mondello. Gugerty's wife is a Nassau County Acting Supreme Court Justice. Cross endorsements favor this kind of nepotism.

12. Since cross endorsed judicial candidates are virtually guaranteed election, their nomination promotes campaign contributions and endorsements by parties and litigants seeking to influence those judges in their judicial decisions and assignments once elected.

13. These agreements and practices then become a form of legal bribery as per the Supreme Court of the United States decision of <u>Citizens United v. the Federal Elections Commission</u> 558 U.S. 310 [2010] (FEC hereinafter).

14. The poor, women and minorities who are litigants but unable to make campaign contributions or who are unaware of the aforementioned agreements and the <u>Citizens United v. FEC</u> case <u>supra</u>, are therefore disenfranchised and prejudiced against by cross endorsed judicial candidates who have not disclosed their campaign contributions to them or that they will likely be influenced by them as a result and who have not offered to recuse themselves.

15. The plaintiff is an elected Village Justice in Nassau County and precluded as a matter of law from being involved in politics, political campaigns and from contributing to candidacies of those running for elective or judicial office. This case does not involve a political question, instead it involves a voting rights issue.

16. Since the plaintiff is unable to financially contribute to the candidacies of those running for judicial office and since he is a practicing lawyer in Nassau County his adversaries have an unfair advantage over him and his clients if those adversaries and/or their clients have contributed to a judicial candidate's campaign and before whom a case is later pending.

17. The Bar Association of Nassau County, Inc. failed to adopt action Unit #4, the Merit Selection of Judges, which was adopted by the New York State Bar Association and Governor Mario Cuomo in the 1990s.

18. Upon information and belief, judicial candidates are required to promise to make contributions to their political parties in return for receiving their nomination(s).

19. This then amounts to the purchasing of judicial office. Judicial candidates are required to make campaign contributions to other candidates and their political party then adding to a culture of corruption and influence peddling which is rampant in this County and elsewhere within and without the State of New York.

20. By their actions these defendants have concluded and conspired together in violating the voting and civil rights of the plaintiff and all others in Nassau County.

21. Once elected, members of the judiciary who were cross endorsed are beholden to Party Leaders and their Committees; lobbyists; lawyers and litigants who have supported them.

22. Lobbyists may conceal the identity of their contributing clients who in fact may be litigants. Litigants can also give money to their lawyers who may then contribute to judicial candidates.

## VENUE

23. Venue is properly in the Eastern District of New York (E.D.N.Y.) since Nassau is within the E.D.N.Y. of New York and all of the defendants and the plaintiffs; live and work in Nassau County.

24. Pursuant to 28 U.S.C. §1391 (b), venue is proper in the Eastern District of New York, as this is the judicial district in which the claims herein allegedly arose.

## JURISDICTION

25. Jurisdiction is based upon the First, Fourteenth and Fifteenth Amendments of the United States Constitution; the Voting Rights Act of 1965; 52 U.S.C. §10101 et seq. and 42 U.S.C. § 1983.

26. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over all civil actions involving a federal question arising under the Constitution, laws or treaties of the United States and this action is based upon a cause or causes of action arising under 42 U.S.C. §1983 (Civil action for deprivation of rights).

27. The Plaintiffs further invokes the supplemental jurisdiction of this Court over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

28. These practices by the defendants have interfered with the right to vote and otherwise injured the democratic election of judicial candidates. Voters have been deprived of freedom of choice at the ballot box because political leaders have hand picked judicial candidates to be cross endorsed. The plaintiffs' and other voters then are given no choice in what should be a free and open democratic process because cross endorsed candidates are virtually guaranteed of being elected.

29. These practices favor Party loyalty rather than the merit selection of judicial candidates which then unfortunately leads to further corruption and loyalties promulgated by campaign contributions to and from judicial candidates.

30. The system of cross endorsements then adds to the patronage of the political parties because Law Secretaries, Law Clerks, and others who are also favored by the political parties are then rewarded with employment positions with these judges who have been cross endorsed. The deal making among political leaders then operates on several levels because Law Secretaries then, if loyal to their political party by the

making of campaign contributions are cultivated to become judicial candidates themselves. This then adds to the cycle of corruption in a system that favors loyalty and contributions over merit and independence.

31. Instead of disavowing this system, the defendant Bar Association of Nassau County, Inc. has gone along with it rather than, for example, not approving of any judicial candidate as "qualified" if they are to be or have been cross endorsed by political parties.

32. Fascism has been defined as a form of radical right-wing, authoritarian ultra-nationalism characterized by dictatorial power, forcible suppression of opposition and strong regimentation of society and of the economy which came to prominence in early 20th century Europe. The cross endorsement of judicial candidates then becomes an element of Fascism in what we have seen in Charlottesville; in police shootings of unarmed and innocent minorities; in wrongful prosecution, incarceration and imprisonment cases; in the death penalty; in the denial of human, civil and parental rights; in the suppression of the Women's Movement and in the rhetoric coming from Washington and the President of the United States.

33. While these defendants may be unwitting participants in a cross-endorsement scheme that is inherently corrupt and Fascistic, they must realize that cross endorsements of judicial candidates is contrary to the essence of democracy which is free and open elections that provide for meaningful, informed choices among several candidates. See also, Alicia Bannon and Laila Robbins, <u>States are Diverse, But Not Their Justices</u>, The New York Times Op.-Ed, Tuesday, July 23, 2019 at A 27.

**WHEREFORE**, the plaintiffs are seeking a declaratory judgment declaring the cross-endorsement agreements among these defendants to be illegal, unconstitutional and a violation of the plaintiff's civil rights and the plaintiffs' also seek permanent injunctive relief enjoining and preventing these defendants from engaging in cross endorsements and for such compensatory and punitive damages as maybe decided by a jury together with costs, disbursements, interest and attorneys' fees.

Dated: Garden City, New York

July 23, 2019

_____
THOMAS F. LIOTTI, ESQ.
LAW OFFICES OF THOMAS F. LIOTTI, LLC
Plaintiffs, Pro Se and on behalf of the
Pro Bono Publico Bar Association Inc.
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700

8

UNITED STATES DISTRICT COURT:
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS F. LIOTTI, ESQ., on behalf of himself
and the Pro Bono Publico Bar Association, Inc.

**VERIFICATION**

Plaintiffs,

-against-

THE NASSAU COUNTY BOARD OF ELECTIONS
THE NEW YORK STATE BOARD OF ELECTIONS
THE NASSAU COUNTY REPUBLICAN COMMITTEE;
THE NASSAU COUNTY DEMOCRATIC COMMITTEE;
THE NASSAU COUTY CONSERVATIVE PARTY;
and THE BAR ASSOCIATION OF NASSAU COUNTY, INC.
                        Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK   )
                    ss.:
COUNTY OF NASSAU    )

    I, THOMAS F. LIOTTI, being duly sworn, depose and say: I am one of the Plaintiffs in the above-captioned action; I have read the foregoing **Verified Complaint** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
THOMAS F. LIOTTI, ESQ.

Sworn to before me this
23rd day of JULY, 2019

_____
Notary Public

LUCIA M. CIARAVINO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CI6061004  Nassau
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JUL 8, 20 23