STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

September 17, 2019

**Via ECF**
Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Liotti, et al. v. The Nassau County Board of Elections, et al.*
     No. 19-cv-04264 (AMD) (LB)

Dear Judge Donnelly:

  The New York State Office of Attorney General represents the New York State Board of Elections ("State Board"), a defendant in the above-titled action. I write, pursuant to Rule 4.A.i of Your Honor's Individual Practice Rules, to request a pre-motion conference on the State Board's proposed Fed. R. Civ. P. 12 motion to dismiss the Complaint in this action on the grounds set forth below or, in the alternative, to request a briefing schedule for the State Board's proposed motion.

  Plaintiff, an attorney and elected Nassau County Village Justice, brings this action purporting to challenge the cross-endorsement of judges by the Republican and Democratic parties in Nassau County on behalf of himself and a bar association. Specifically, Plaintiff alleges that the Nassau County Republican Committee and Nassau County Democratic Committee have agreed to cross endorse members of the judiciary who are standing for re-election, cross-endorse individuals who have not previously served as a judge, and have agreed with the Bar Association of Nassau County that candidates for the judiciary would not be nominated unless approved as "qualified" by the Nassau County Bar Association's Judiciary Committee. Compl. ¶¶ 7-8, 10. Plaintiff further alleges that the cross-endorsement of candidates constitutes a conspiracy to deprive voters of "freedom of choice in voting rights," as a consequence of which the cross-endorsed candidates are "virtually guaranteed election" as well as campaign contributions. *Id.* ¶¶ 9, 12. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. *See* Compl. Prayer for Relief. Notably, Plaintiff makes no claims against the State Board.

<u>Plaintiff's Claims are Barred by the Eleventh Amendment</u>

  Plaintiff generally purports to assert claims under the First, Fourteenth and Fifteenth Amendments the United States Constitution, the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10101 *et seq.* and 42 U.S.C. § 1983. Compl. ¶ 25. He also purports to assert state law claims,

Hon. Ann Donnelly
Sept. 17, 2019
Page 2

although it is less than clear what those claims are. *Id.* ¶ 27. To the extent Plaintiff seeks to assert such claims against the State Board pursuant to § 1983, those claims require dismissal as the State Board is a state agency entitled to sovereign immunity. *Sloan v. Michel*, No. 15-Civ. 6963, 2016 WL 1312769, at *4 (S.D.N.Y. April 4, 2016); *McMillan v. N.Y. State Bd. of Elections*, No. 10 Civ. 2502 (JG) (VVP), 2010 U.S. Dist. LEXIS 109894 (E.D.N.Y. Oct. 15, 2010), *aff'd* 449 F. App'x 79 (2d Cir. 2011); *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 28 (2d Cir. 2005). Accordingly, the State Board is immune from suit under the Eleventh Amendment of the United States Constitution, which bars claims against a State and its instrumentalities absent a State's express waiver of its immunity or valid Congressional abrogation of it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well-settled that Congress did not abrogate the States' sovereign immunity by enacting § 1983 and that New York has not waived its immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72-73 (1996); *Aponte v. Fischer*, No. 14-CV-3989, 2018 WL 1136614, at *8 (S.D.N.Y. Feb. 28, 2018) (citing cases). Similarly, Plaintiff's putative state-law claims are also barred. *Pennhurst*, 465 U.S. at 121.

<u>Plaintiff Lacks Standing to Assert Claims Against the State Board</u>

Plaintiff's claims also fail because he has not alleged any injury to himself or to the corporate entity he purports to represent that is traceable to any conduct by the State Board.[1] Thus, Plaintiff lacks standing to assert their putative claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). He also lacks standing to assert claims on behalf of voters generally, and "[t]he poor, women and minorities" in particular. Compl. ¶¶ 11, 14. Standing to assert the alleged rights of third parties is the exception, not the rule. *See e.g. New York County Lawyers' Ass'n v. Bloomberg*, No. 10 CV 5035, 2011 WL 4444185, at **6-7 (SDNY Sept. 23, 2011) (rejecting bar association's assertion of standing to sue on behalf of future, hypothetical indigent defendants).

<u>The Complaint Fails to State a Claim Against the State Board</u>

It is well-settled that "'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Rivera v. Samil*, No. 16-CV-1105, 2018 WL 1701935, at *6 (E.D.N.Y. Mar. 30, 2018) (quoting *Moschetto v. Nassau Cnty. Sheriff*, No. 10-CV-1971, 2011 WL 2457927, at *3 (E.D.N.Y. June 16, 2011) (citing *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999). As previously noted, the complaint filed in this action contains no allegations whatsoever against the State Board. Therefore, the State Board should be dismissed as a defendant.

Moreover, Plaintiff's putative challenge to the cross-endorsement of judicial candidates in Nassau County fails on the merits because the selection of candidates is solely a matter for the political parties who cross-endorse their candidates. *See N.Y. State Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 203-04 (2008) ("A political party has a First Amendment right to limit its membership as it wishes, and to choose a candidate-selection process that will in its view produce the nominee who best represents it political platform."). *See also Patton v. Democrat Town*

---

[1] For the purpose of the proposed motion, the State Board assumes that Mr. Liotta is representing the Pro Bono Publico Barr Association, Inc., as an attorney and not as a *pro se* litigant.

Hon. Ann Donnelly
Sept. 17, 2019                                                                              Page 3

*Committee of Willington*, 253 F. App'x 129, 131 (2d Cir. 2007) (rejecting plaintiff's conclusory assertion that the cross-endorsement of candidates merges political party identities).

    For all the foregoing reasons, among others, the State Board respectfully requests that the Court schedule a pre-motion conference or, in the alternative, set a briefing schedule for the State Board's proposed motion to dismiss the Complaint.

    Thank you for your consideration of these matters.

Respectfully submitted,

*/s/ Jane R. Goldberg*
Jane R. Goldberg
Assistant Attorney General
(212) 416-6133

Cc:    Thomas F. Liotti, Esq.
       Plaintiff *pro se*
       (via ECF and First Class Mail)