UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS F. LIOTTI, ESQ. on behalf of himself    CV-19-4264 (WFK) (LB)
and the Pro Bono Publico Bar Association, Inc.,

                Plaintiffs,

    -   against   -

THE NASSAU COUNTY BOARD OF ELECTIONS;
THE NEW YORK STATE BOARD OF ELECTIONS;
THE NASSAU COUNTY REPUBLICAN COMMITTEE;
THE NASSAU COUNTY DEMOCRATIC COMMITTEE;
THE NASSAU COUNTY CONSERVATIVE PARTY;
THE BAR ASSOCIATION OF NASSAU COUNTY;
INDEPENDENCE PARTY OF NEW YORK STATE;
and WORKING FAMILIES PARTY;

                Defendants.
------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE NASSAU COUNTY BOARD OF ELECTIONS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF PROCEDURE 12(b)(1) and (6)

JARED A. KASSCHAU
Nassau County Attorney
One West Street
Mineola, New York 11501
(516) 571-3056
Attorney for Defendant the Nassau
County Board of Elections

*Of Counsel*:   Liora M. Ben-Sorek      **Date of Service:**
              Deputy County Attorney   **January 15, 2021**

# **TABLE OF CONTENTS**

Table of Contents ………………………………………………………………  ii

Table of Authorities …………………………………………………………….  iii

Preliminary Statement …………………………………………………………  1

Standard of Review ……………………………………………………………  1

Argument

    POINT I
    The Amended Complaint Should be Dismissed
    Because Plaintiffs Lack Standing …………………………………….  2

    POINT II
    The Amended Complaint Should be Dismissed
    Because it Fails to State A Claim ……………………………………..  3

        A.  The Amended Complaint Fails to
            State Any Claim Against the
            Nassau County Board of Elections ………………………….  4

        B.  The Process for Nominating New York
            Supreme Court Justices Has Been Upheld by
            The United States Supreme Court ………………………….  7

Conclusion ……………………………………………………………………..  9

# TABLE OF AUTHORITIES

**Cases**

*Angola v. Civiletti*, 666 F.2d 1 (2d Cir. 1981) ………………………………………. 6

*Art & Antique Dealers League v. Seggos,* 2019 WL 416330 (S.D.N.Y. 2019) …….. 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……………………………………………… 3-4

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) …………………………………… 3, 4

*Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540 (E.D.N.Y. 2004) ……………………. 6

*Cox v. City of New Rochelle*, 2019 WL 3778735 (S.D.N.Y. 2019) …………………… 6

*Dibbs v. Mazzarelli,* 470 Fed.Appx. 34 (2d Cir. 2012),
   *affirming* 2010 WL 3466920 (S.D.N.Y. 2010),
   *cert. denied,* 568 U.S. 1213 (2013) …………………………………………… 7

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir.2007) ………………………………………..... 4

*Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326 (2d Cir. 1997) ……………… 2

*Leon v. Murphy*, 988 F.2d 303 (2d Cir. 1993) ………………………………………… 6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) …………………………………….. 2

*Moore v. City of New York*, 2011 WL 795103 (E.D.N.Y. Feb. 28, 2011) ……………. 3

*New York State Bd. of Elections v. Lopez Torres*, 552 U.S. 196 (2008) ……………… 1, 7, 8

*Pangburn v. Culbertson*, 200 F.3d 65 (2d Cir. 1999) ………………………………… 6

*Warth v. Seldin*, 422 U.S. 490 (1975) ……………………………………………….. 3

**Statutes**

Federal Rules of Civil Procedure 12(b)(1)

Federal Rules of Civil Procedure 12(b)(6)

42 U.S.C. § 1983

New York Election Law § 3-200

New York Election Law § 3-204

New York Election Law § 3-502

New York Election Law § 4-112

New York Election Law § 4-114

New York Election Law § 6-106

New York Election Law § 6-124

This Memorandum of Law is submitted on behalf of the Nassau County Board of Elections (hereinafter referred to as "the Nassau Board"), one of the defendants in this lawsuit, in support of its Motion to Dismiss the Amended Complaint (DE 35) pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Pro. ") 12(b)(1) and (6).

## PRELIMINARY STATEMENT

Simply reading the Amended Complaint confirms that it fails to allege *any* actionable conduct by the Nassau County Board of Elections. For that reason alone, the Amended Complaint should be dismissed as to the Nassau Board. In addition, serious deficiencies permeate the Amended Complaint and mandate dismissal of the entire action.

This action attacks the process for nominating Supreme Court Justices in New York State, which is dictated by New York Election Law and was explicitly upheld by the United States Supreme Court in *New York State Board of Elections v. Lopez Torres*, 552 U.S. 198, 128 S.Ct. 791 (2008)(discussed *infra*). The Amended Complaint nevertheless alleges that where two political parties follow the law and nominate the same judicial candidate, the result should be struck down because it somehow "eliminates the right to vote" (Am. Comp.[1] ¶ 22); "favor[s] . . . nepotism" (Am. Comp. ¶ 27); "promotes campaign contributions . . . by Parties and litigants seeking to influence those judges" (Am. Comp. ¶ 28); "become[s] a form of legal bribery" (Am. Comp. ¶ 29); and leaves "[t]he poor, women and minorities . . . disenfranchised and prejudiced" (Am. Comp. ¶ 30). It does so in bald, blanket accusations – referencing "[p]oll taxes, literacy tests and . . . Jim Crow laws" (Am Comp, ¶ 39), but unsupported by any allegations of fact.

Beyond that, the Amended Complaint claims to be "brought on behalf of all registered voters in Nassau County" (Am. Comp. ¶ 11), while the plaintiffs – an individual attorney and an

---

[1] Reference is to the Amended Complaint (DE 35, filed December 13, 2019)

1

association that does not claim to have any members – lack standing to bring these claims at all.

For these reasons, the Amended Complaint should be dismissed.

## POINT I

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE PLAINTIFFS LACK STANDING

"Article III of the U.S. Constitution requires that a "case" or "controversy" be present in order to confer jurisdiction on federal courts for a particular claim." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir. 1997). Proof that the plaintiff has standing to bring an action is a necessary element of that requirement. *Id.* "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he *personally* has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant....' *Id.* at 330 (emphasis added) (internal citations omitted). To do so, a plaintiff must show that he (1) has suffered an injury in fact, (2) that there is "a causal connection between the injury and the conduct complained of," and (3) it must be "likely" to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An "injury in fact" must "be 'distinct and palpable'—and, conversely, that it not be 'abstract' or 'conjectural' or 'hypothetical'." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d at 330 (internal citation and quotation omitted). The Amended Complaint is devoid of any such allegations.

Here, the Plaintiffs have not alleged, nor demonstrated, any injury in fact on their behalf, or any other registered voter whom Plaintiff purports to represent. Notably, during the pre-motion conference held before the Hon. Ann M. Donnelly on November 21, 2019, Plaintiff was asked whom he represents, and specifically was confronted with the question of whether this lawsuit was brought as a class action. Plaintiff represented to the court that he brought this case on his own behalf. Yet he does not allege to have sustained any injury in fact.

Moreover, not only is a plaintiff tasked with demonstrating his own legal interest and injury, he may not "rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975).  Thus while the Amended Complaint recites that "[t]he poor, women and minorities" are being "disenfranchised and prejudiced against by cross endorsed candidates" (*see* Amended Complaint (DE 35), at paragraph 30, page 10), it fails to any distinct or particularized injury to either of the plaintiffs.   This is glaringly true as to "The Pro Bono Publico Bar Association, Inc.", which is described as a nonprofit organization whose "purpose is to engage in strategic litigation involving public policies" (Am. Comp, ¶ 10),  The Amended Complaint is silent as to its members, activities or professed injury, if any, thus wholly failing to demonstrate any basis for standing.  *See, e.g., Art & Antique Dealers League v. Seggos,* 2019 WL 416330 (S.D.N.Y. 2019) (finding trade organization lacked associational or organizational standing where allegations of injury to members or the entity were lacking).

In light of the foregoing, Plaintiffs lack standing, and this action must be dismissed.

### POINT II

### THE AMENDED COMPLAINT SHOULD BE DIMISSED FOR FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), requires the court to examine the legal sufficiency of the complaint on its face. *Moore v. City of New York*, No. 08-CV-2449 RRM LB, 2011 WL 795103, at *2 (E.D.N.Y. Feb. 28, 2011).  In order to survive a motion to dismiss, "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).

A Complaint need not contain detailed factual allegations, but "it must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id*.  (citing *Iqbal*, 129 S.Ct. at

3

1949 (quoting *Twombly*, 550 U.S. at 555)).  The Complaint must make plausible claims on its face. *Id*. (citing *Twombly*, 550 U.S. at 570).  The Complaint will be deemed to have plausibility on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570)). When determining if there is a plausible claim for relief, the court performs "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir.2007)).  Under these standards, the Amended Complaint clearly fails

### A.

### THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AGAINST THE NASSAU COUNTY BOARD OF ELECTIONS

Other than naming it in the caption, the Amended Complaint mentions the Nassau Board just once, alleging it "works in concert" with political parties in "tolerating the cross endorsement of judicial candidates" (Am. Comp. ¶ 12).[2]  But "toleration" of cross-endorsement – whether on one's own or with others -- is not legally actionable.

---

[2] The paragraph, with its one example omitted, reads as follows (Am Comp. ¶ 12):

> The defendant, the Nassau County Board of Elections, according to its own website "is a New York State mandated agency funded by Nassau County; administered by a bipartisan representation of the two major Parties in the State; the Republican and Democratic Parties."  By its own admissions, as an arm of the State Board of Elections, the Nassau County Board of Elections, rather than being an independent agency is a patronage mill controlled and manipulated by both political Parties.  It then works in concert with Party bosses in tolerating the cross endorsements of judicial candidates with and without prior judicial experience. . . . Thus, it is political bosses, primarily of just the two major political Parties who decide who will be elected and not the voters.

4

The formation and functioning of the Nassau Board is defined by New York Election Law and is required to be bipartisan. Each County within the State[3] must have a Board of Elections. *See* N.Y. Elec. Law § 3-200(1) (McKinney). Each County's Board consists of two election commissioners, one from each of the two major political parties. *See* N.Y. Elec. Law § 3-200(2) (McKinney). The Commissioners are recommended by the leaders of the two major political parties and must be enrolled as members of the party which recommended their appointment. *See* N.Y. Elec. Law §§ 3-200(2) and (4) (McKinney). Election Law § 3-502(2) requires that "the chairman of the appropriate party county committee shall file with the clerk of the county legislative body a certificate naming the person whom he is recommending for appointment as such commissioner of elections." The legislative body votes on the party chairman's recommendation for an election commissioner. *See* N.Y. Elec. Law § 3-204(4) (McKinney). In the event the legislature does not approve the appointment within the time specified by statute, members of the legislative body who are of the same political party as the proposed commissioner, may make the appointment. *Id*.

The Nassau Board has no role in selecting the judicial candidates to be placed on the ballot, and the Amended Complaint alleges none. As it pertains to candidates for judicial office, N.Y. Election Law Article 6 sets forth the system in which such candidates are nominated. "Party nominations for the office of justice of the supreme court shall be made by the judicial district convention." N.Y. Elec. Law § 6-106 (McKinney); *see also* N.Y. Elec. Law § 6-124 (specifics of judicial conventions). N.Y. Elec. Law § 4-112(1) requires the State Board of Election to certify to the local county boards of elections the names and addresses of candidates for office who were duly nominated. The county board then produces the ballot by placing the names of the candidates

---

[3] Differing rules apply to the City of New York and its five Boroughs

5

thereon. N.Y. Elec. Law § 7-102. The Amended Complaint ignores these legal requirements, which contradict, and therefore doom, the attempt to find fault with the Nassau Board for placing duly nominated candidates on the ballot.

The allegation that the Nassau Board "works in concert" with others "in tolerating" cross-endorsements (Am. Comp, ¶ 12) fares no better, because "tolerating" a lawful practice is not rendered actionable by claiming it's being done with others. Moreover, to state a § 1983 conspiracy claim, a plaintiff must allege "(1) an agreement between two or more state actors or between a state actor and a private entity[,] (2) to act in concert to inflict an unconstitutional injury[,] and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Because conspiracy claims are "so easily made and can precipitate such protracted proceedings[,] . . . detailed fact pleading is required to withstand a motion to dismiss." *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981). Accordingly, "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (citation omitted). Rather, "allegations of a conspiracy must be pleaded with specificity, a heightened standard." *Cox v. City of New Rochelle*, 2019 WL 3778735, *5 (S.D.N.Y. 2019) (alterations and quotations omitted); *Brewster v. Nassau Cty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) ("Claims alleging conspiracies to violate civil rights are held to a heightened pleading standard."). These standards are not met here.

Because the Nassau Board is not accused of any actionable conduct, all claims against it must be dismissed.

## B.

## THE PROCESS FOR NOMINATING
## NEW YORK SUPREME COURT JUSTICES
## HAS BEEN UPHELD BY THE UNITED STATES SUPREME COURT

Even if the Nassau Board played a role in selecting judicial candidates – and Point I of this Memorandum shows that it does not – the New York statutory procedure for nominating state Supreme Court Justices has been explicitly upheld by the United States Supreme Court in *New York State Board of Elections v. Lopez Torres*, 552 U.S. 198, 128 S.Ct. 791 (2008).

In *Lopez Torres*, respondents challenged New York's statutory process for nominating candidates for the State Supreme Court. Lopez Torres initiated the lawsuit after failing to secure her party's nomination to run for Supreme Court. She, together with the other plaintiffs, contended that that the process "burdened the rights of challengers seeking to run against candidates favored by the party leadership, and deprived voters and candidates of their rights to gain access to the ballot and to associate in choosing their party's candidates." *Lopez Torres*, 128 S. Ct. 791, 797 (2008). The U.S. Supreme Court noted that "[s]election by convention has been a traditional means of choosing party nominees" and stated plainly that "it is not unconstitutional." *Id*, 128 S. Ct. at 800. The Second Circuit, in applying *Lopez Torres,* noted "its broad holding that New York's selection of judicial nominees by convention was constitutional." *Dibbs v. Mazzarelli,* 470 Fed.Appx. 34 (2d Cir. 2012), *affirming* 2010 WL 3466920 (S.D.N.Y. 2010), *cert. denied,* 568 U.S. 1213, 133 S.Ct. 1494 (2013).

The statutory procedures for nomination are essentially the same today: each political party nominates its candidates for the office of Justice of the Supreme Court at its own nominating convention, N.Y. Election Law § 6-106; individuals may seek to become delegates to a political party's judicial nominating convention by collecting a sufficient number of signatures on a

7

delegating petition, N.Y. Election Law §§ 6-130 through 6-136; the delegates and alternates are elected at a primary election, § 6-124; and the elected delegates attend the party's nominating convention and select its candidates. §§ 6-124, 6-126. *See Lopez Torres,* 552 U.S. at 200-201, 128 S.Ct. at 796. And as the *Lopez Torres* Court noted, then, as now, "[c]andidates who fail to obtain a major party's nomination via convention can still get on the general-election ballot for the judicial district by providing the requisite number of signatures of voters resident in the district." 552 U.S. 207-208, 128 S.Ct. 800. *See* N.Y. Election Law § 6-142(2). This provision in particular dooms any claim of lack of access or choice.

Finally, *Lopez Torres* has a clear answer to Plaintiffs' apparent claim that cross-endorsement of candidates for judicial office narrows the field of candidates who may appear on the ballot and denies them an opportunity to select a candidate: "The First Amendment creates an open marketplace where ideas, most especially political ideas, may compete without government interference. . . . . It does not call on the federal courts to manage the market by preventing too many buyers from settling upon a single product." . 552 U.S. at 208, 128 S. Ct. at 801(internal citation omitted) .

For these reasons, the Amended Complaint should be dismissed in its entirety.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

For the reasons set forth herein, defendant Nassau County Board of Elections respectfully requests that this Court issue an Order dismissing the Amended Complaint in its entirety as to this defendant, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
January 15, 2021

                                                                      JARED A. KASSCHAU
                                                                      Nassau County Attorney
                                                                      One West Street
                                                                      Mineola, New York 11501
                                                                      Attorney for Nassau County Board
                                                                      of Elections

                                     By:    *Liora M. Ben-Sorek*
                                                            Liora M. Ben-Sorek
                                                           Deputy County Attorney
                                                           (516) 571-3014
                                                           lben-sorek@nassaucountyny.gov

To:    Thomas F. Liotti, Esq. (Via First Class Mail)
        600 Old Country Road, Suite 530
        Garden City, New York 11530
        (516) 794-4700
        Plaintiff

        AAG Jane R. Goldberg (Via First Class Mail)
        Office of the New York State Attorney General
        28 Liberty Street
        New York, New York 10005
        (212) 416-6133
        Attorney for Defendant NYS Board of Elections

        Stephen L. Martir, Esq. (Via First Class Mail)
        Bee Ready Fishbein Hatter & Donovan, LLP
        170 Old Country Road, Suite 200
        Mineola, New York 11501
        (516) 746-5599
        Attorneys for Defendants Nassau County Republican Committee
        and Nassau County Conservative Party

Brett A. Scher, Esq. (Via First Class Mail)
Adam M. Marshall, Esq. (Via First Class Mail)
Adam Nicolazzo, Esq. (Via First Class Mail)
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
Attorneys for Defendant the Bar Association of Nassau County