UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS F. LIOTTI, ESQ. on behalf of himself          CV-19-4264 (WFK) (LB)
and the Pro Bono Publico Bar Association, Inc.,

                                Plaintiffs,

       -   against   -

THE NASSAU COUNTY BOARD OF ELECTIONS;
THE NEW YORK STATE BOARD OF ELECTIONS;
THE NASSAU COUNTY REPUBLICAN COMMITTEE;
THE NASSAU COUNTY DEMOCRATIC COMMITTEE;
THE NASSAU COUNTY CONSERVATIVE PARTY;
THE BAR ASSOCIATION OF NASSAU COUNTY;
INDEPENDENCE PARTY OF NEW YORK STATE;
and WORKING FAMILIES PARTY;

                              Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
NASSAU COUNTY BOARD OF ELECTIONS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF PROCEDURE 12(b)(1) and (6)**

JARED A. KASSCHAU
Nassau County Attorney
One West Street
Mineola, New York 11501
(516) 571-3056
Attorney for Defendant the Nassau
County Board of Elections

*Of Counsel*:   Liora M. Ben-Sorek           **Date of Service:**
             Deputy County Attorney      **April 29, 2021**

# TABLE OF CONTENTS

Table of Contents ……………………………………………………… ii

Table of Authorities …………………………………………………… iii

Preliminary Statement …………………………………………………  1

Argument

       POINT I
       Plaintiffs Fail to Refute the Showing that
       Neither Plaintiff has Standing ………………………………….  2

       POINT II
       Plaintiffs Fail to Refute the Showing that
       The Amended Complaint Alleges No Wrongdoing
       By the Nassau Board of Elections ……………………………...  2

       POINT III
       Plaintiffs Do Not Dispute that the
       United States Supreme Court Has Upheld
       The Practice About Which They Complain ……………………….  3

Conclusion ……………………………………………………………  3

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ……………………………………..    2

*New York State Bd. of Elections v. Lopez Torres*, 552 U.S. 196 (2008) ………………    3

**<u>Statutes</u>**

Federal Rules of Civil Procedure 12(b)(1)

Federal Rules of Civil Procedure 12(b)(6)

This Reply Memorandum of Law is submitted on behalf of the Nassau County Board of Elections (hereinafter referred to as "the Nassau Board"), one of the defendants in this lawsuit, in reply to Plaintiffs' Composite Memorandum of Law in Opposition to Defendants' Motions ("Plaintiffs' Opposition") and in further support of its Motion to Dismiss the Amended Complaint (DE 35) pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Pro. ") 12(b)(1) and (6).

## PRELIMINARY STATEMENT

Plaintiffs' Opposition reads more like an editorial than anything else. At best it is a misplaced and poorly supported argument that State law needs to be changed, but that is the province of the Legislature.  At worst it is a protest by someone dissatisfied with the New York State judiciary, illustrated with the individual Plaintiff/counsel's opinions on suspected corruption and personal battle with a now-former judge:  it is laced with criticisms of actions in the aftermath of the November 2020 election (Plaintiffs' Opposition pp, 1-3); Plaintiffs' opinions on the philosophies of political parties (*id*. pp. 3-4); and spurious speculation about corruption (*id.* pp. 4-12).  None of this is relevant to whether Plaintiffs have standing in this action or have stated a legal claim against the Nassau Board.

As a result, there is little in Plaintiffs' Opposition that requires a legal reply, because it does not dispute any of the Nassau Board's arguments as to why the Amended Complaint should be dismissed.  As a threshold matter, Plaintiffs did not broach the fundamental issue of their lack of standing to bring this action.  They likewise failed to address the fact that the Amended Complaint alleges no violation of rights by this Defendant.  Finally, Plaintiffs' Memorandum presents no legal authority to counter the Nassau Board's showing that the process of nominating Supreme Court Justices under New York law, the practice the Amended Complaint purports to challenge, has been consistently upheld, including by the United States Supreme Court.

Because Plaintiffs have failed to refute any of the Nassau Board's arguments for dismissal, this motion should be granted and the Amended Complaint dismissed.

## POINT I

### PLAINTIFFS FAIL TO REFUTE THE SHOWING THAT NEITHER PLANTIFF HAS STANDING

Plaintiffs have not demonstrated that they have the standing necessary to bring this action, and for that reason alone the Amended Complaint should be dismissed.  As the Nassau Board pointed out in its Memorandum of Law in Support of the Motion to Dismiss ("Board Mem."), standing requires a party to show (1) that he/she sustained an injury-in-fact, (2) a causal connection between the injury and the complained-of conduct, and (3) that the injury can be redressed by a favorable decision (Board Mem. pp. 2-3).  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiffs have not refuted the accuracy of this standard.  Nor have they presented any reason why or how the Court could find that either Plaintiff has standing in this matter.  In actuality, Plaintiffs did not address the issue of standing in their Opposition.

Because Plaintiffs' Memorandum confirms they have no standing to bring this action, the Amended Complaint must be dismissed.

## POINT II

### PLAINTIFFS FAIL TO REFUTE THE SHOWING THAT THE AMENDED COMPLAINT ALLEGES NO WRONGDOING BY THE NASSAU BOARD

While Plaintiffs engage in specious, inflammatory rhetoric,[1] they do not address the fact that the single mention of the Nassau Board in the Amended Complaint is not actionable.  As

---

[1]  Plaintiffs' Memorandum includes gratuitous and groundless statements such as claiming that the Nassau Board is "whetted to discriminatory voting practices engineered in the Jim Crow south

2

already shown (Board Mem. p. 4), the Amended Complaint claims only that the Nassau Board "works in concert" with political parties in "tolerating the cross endorsement of judicial candidates" (Am. Comp. ¶ 12). Not only would "toleration" of a lawful practice be wholly permissible, the reality – which Plaintiffs ignore -- is that the Nassau Board's authority and actions strictly are defined in state law and do not include any role in the selection, nomination, or endorsement of judicial candidates (Board Mem. pp. 5-6).

In short, Plaintiffs' Memorandum confirms they have not alleged a justiciable claim against the Nassau Board and, therefore, the Amended Complaint must be dismissed.

## POINT III

### PLAINTIFFS DO NOT DISPUTE THAT THE UNITED STATES SUPREME COURT HAS UPHELD THE PRACTICE ABOUT WHICH THEY COMPLAIN

As discussed in detail in the Nassau Board's initial Memorandum, the United States Supreme Court, in *New York State Board of Elections v. Lopez Torres*, 552 U.S. 198, 128 S.Ct. 791 (2008), upheld New York's statutory process for nominating candidates for state Supreme Court Justice, the very process about which Plaintiffs complain in this action (Board Mem. pp. 7-8). Plaintiffs have not attempted to distinguish *Lopez Torres*: the case is not addressed or even mentioned in their opposition to this motion. For this reason, too, the Amended Complaint must be dismissed.

## CONCLUSION

For the reasons set forth herein, as well as the arguments contained in its moving papers, defendant Nassau County Board of Elections respectfully requests that this Court issue an Order

---

and adopted here by the Republican Party" (Opposition Memo, p. 11). In addition to being irrelevant to the legal issues in this case, such statements are offensive, unwarranted and disputed in the strongest possible terms.

dismissing the Amended Complaint in its entirety as to this Defendant, with prejudice, and grant

such other and further relief as the Court deems just and proper.

Dated:  Mineola, New York
        April 29, 2021

                                   JARED A. KASSCHAU
                                   Nassau County Attorney
                                   One West Street
                                   Mineola, New York 11501
                                   Attorney for Nassau County Board
                                   of Elections

                       By:     *Liora M. Ben-Sorek*
                                 Liora M. Ben-Sorek
                                 Deputy County Attorney
                                 (516) 571-3014
                                 lben-sorek@nassaucountyny.gov

To:    Thomas F. Liotti, Esq. (Via ECF)
       600 Old Country Road, Suite 530
       Garden City, New York 11530
       (516) 794-4700
       Plaintiff

       AAG Jane R. Goldberg (Via ECF)
       Office of the New York State Attorney General
       28 Liberty Street
       New York, New York 10005
       (212) 416-6133
       Attorney for Defendant NYS Board of Elections

       Stephen L. Martir, Esq. (Via ECF)
       Bee Ready Fishbein Hatter & Donovan, LLP
       170 Old Country Road, Suite 200
       Mineola, New York 11501
       (516) 746-5599
       Attorneys for Defendants Nassau County Republican Committee
       and Nassau County Conservative Party

       Brett A. Scher, Esq. (Via ECF)
       Adam M. Marshall, Esq. (Via ECF)
       Adam Nicolazzo, Esq. (Via ECF)
       Kaufman Dolowich & Voluck, LLP
       135 Crossways Park Drive, Suite 201

4

Woodbury, New York 11797
(516) 681-1100
Attorneys for Defendant the Bar Association of Nassau County