```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS F. LIOTTI, ESQ., on behalf of himself    :
 and the Pro Bono Publico Bar Association, Inc.,  :
                                                :
              Plaintiff,                        :
                                                :                    ORDER
         v.                                     :               19-CV-04264 (WFK) (LB)
                                                :
THE NASSAU COUNTY BOARD                         :
OF ELECTIONS., et al.,                          :
                                                :
              Defendants.                       :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff brings this action pursuant to the First, Fourteenth, Fifteenth and Nineteenth Amendments to the United Stated Constitution, 42 U.S.C. § 1983 and the Voting Rights Act of 1965, 52 U.S.C. §10101.  Under those statutes, Plaintiff alleges that cross endorsements of judicial candidates "negates, abridges and eliminates the right to vote or at the very least, freedom of choice among judicial candidates with different qualifications and philosophies of jurisprudence." *See id.* ¶ 22. The Nassau County Board of Elections, ECF No. 55, the New York State Board of Elections, ECF No. 63, the Bar Association of Nassau County, ECF No. 68, the Nassau Republican Committee, and the Nassau Conservative Party, ECF No. 74, each move to dismiss Plaintiff's Complaint for lack of standing and failure to state a claim.  For the reasons stated below, the Court hereby GRANTS each of these respective motions.  Furthermore, the Court hereby acts *sua sponte* to dismiss all claims against the Nassau County Democratic Committee, the Independence Party of New York State, and the Working Families Party.

## BACKGROUND

The New York State Constitution establishes a unified court system for the state.  *See* N.Y. Const. Art. VI, § 1.  The Supreme Court of the State of New York is the State's trial court of original jurisdiction, with the Appellate Divisions of the Supreme Court hearing appeals.  *See* NY Const. Art. VI, §§ 5, 7, and 8.  Currently, the State is divided into thirteen judicial districts, with the Tenth Judicial District being composed of Nassau and Suffolk Counties.  *See* NY Const. Art. VI, § 6.  Justices of the Supreme Court are chosen by the electors of the district in which they serve and hold fourteen-year terms.  *Id.*

For party nominations, Justices of the Supreme Court are currently selected by judicial nominating conventions comprised of delegates elected by party members.  See, NY Election Law §§ 6-106, 6-124.  A "party"  means any political organization which, excluding blank and void ballots, at the last preceding election for governor received, at least two percent of the total votes cast for its candidate for governor, or one hundred thirty thousand votes, whichever is greater, in the year in which a governor is elected and at least two percent of the total votes cast for its candidate for president, or one hundred thirty thousand votes, whichever is greater, in a year when a president is elected.  NY Election Law § 1-104(3).

As a result of the last presidential race, currently, there are only four parties in New York State: Republican Party, Democratic Party, Conservative Party, and the Working Families Party. *See Party Affiliation*, BOARD OF ELECTION IN THE CITY OF NEW YORK, https://vote.nyc/page/party-affiliation (last visited December 14, 2021).  At the Judicial Nominating Convention of a party, that party's delegates and alternate delegates, if any, vote on the nomination of judicial candidates.  *See* NY Election Law § 6-124.  At the nominating convention, the elected delegates select party judicial candidates for that judicial district.  These nominated judicial candidates then run at large in the judicial district at the general election in November.  They run against judicial candidates nominated by other parties, judicial candidates nominated by independent bodies that have failed to meet the threshold to become a party, and write-in candidates.

Thomas F. Liotti, Esq. (hereinafter, "Plaintiff") challenges the decisions of the Republican, Democratic, Independence and Working Families parties ("the Political Party Defendants") in Nassau County to cross-endorse candidates for judicial office.  Plaintiff has also sued the Nassau County Board of Elections, the Nassau County Bar Association, and the State

2

Board of Elections. Plaintiff alleges that the Defendants "are engaged in the process of approving cross-endorsements, particularly of judicial candidates," which "pollutes freedom of choice by eliminating it," in violation of the Constitution. *Id*. ¶¶ 22, 25. Such cross-endorsements include candidates who have not previously served as judges. *Id*. ¶ 26. Plaintiff further alleges that cross-endorsements promote campaign contributions that amount to "a form of legal bribery," which prejudices his rights because he is unable to financially contribute to the candidacies of those running for judicial office and further disadvantages him because, as a member of the bar, his legal adversaries who have contributed to judicial campaigns have an advantage over him. *Id*. ¶¶ 29, 31-32. Plaintiff asserts, upon information and belief, that "judicial candidates are required to promise to make contributions to their political Parties in return for receiving their nominations," which amounts to the "purchasing of judicial office." *Id*. ¶¶ 34-35. Plaintiff's Complaint includes a section titled "Additional History of Voters [sic] Suppression" that further critiques cross-endorsements as corrupt and emblematic of fascism. *Id*. ¶¶ 39-48.

Plaintiff makes no direct claims against the State Board, but merely alleges that the State Board "fails to fulfill its mandate under the law by allowing cross-endorsements." *Id*. ¶ 13. As for the Nassau County Bar Association, Plaintiff claims they also "agreed that candidates for the judiciary would not be nominated unless first approved as 'qualified' by the [Bar Association's] Judiciary Committee." *Id*. ¶¶ 23-24. Plaintiff alleges that the Bar Association should have "disavow[ed]" the cross-endorsement system and not "approv[ed] of any judicial candidate as 'qualified' if they are or have been cross endorsed by political Parties." *Id*. ¶ 44. The Complaint does not reference the Nassau County Board of Elections.

Plaintiff brings this Action pursuant to the First, Fourteenth, Fifteenth and Nineteenth

3

Amendments to the United Stated Constitution, 42 U.S.C. § 1983 and the Voting Rights Act of 1965, 52 U.S.C. §10101.  Under those statutes, Plaintiff alleges that cross endorsements of judicial candidates "negates, abridges and eliminates the right to vote or at the very least, freedom of choice among judicial candidates with different qualifications and philosophies of jurisprudence."  *See id.* ¶ 22.  The Nassau County Board of Elections, ECF No. 55, the New York State Board of Elections, ECF No. 63, the Bar Association of Nassau County, ECF No. 68, the Nassau Republican Committee, and the Nassau Conservative Party, ECF No. 74, (the "moving Defendants") each move to dismiss Plaintiff's Complaint for lack of standing and failure to state a claim.  For the reasons stated below, the Court hereby GRANTS each of these motions.  Furthermore, the Court acts *sua sponte* to dismiss all claims against the Nassau County Democratic Committee, the Independence Party of New York State, and the Working Families Party (the "non-moving Defendants").

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), defendants may move to dismiss for lack of subject matter jurisdiction.  Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).  "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (internal quotation marks and citation omitted).  Standing is a jurisdictional question that concerns "the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*." *Plante v. Dake*, 621 F. App'x 67, 69 (2d Cir. 2015) (Summary Order).

4

Generally, complaints brought by pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted), and are construed liberally "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). However, "pro se attorneys typically cannot claim the special consideration which the courts customarily grant to pro se parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (cleaned up) (quoting *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981)). The Court will thus evaluate Plaintiff's complaint in accordance with regular pleading standards rather than the deference afforded non-lawyer pro se litigants

## DISCUSSION

The Court finds that Plaintiff has failed to satisfy the requirements of Article III standing. Article III of the Constitution "limits the federal courts' power to the resolution of 'Cases' and 'Controversies.'" *Dhinsa v. Krueger*, 917 F.3d 70, 77 (2d Cir. 2019) (citing U.S. Const. art. III, § 2). A litigant who invokes federal jurisdiction "must demonstrate standing to sue," consisting of three elements: "the individual initiating the suit 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id*. (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

The injury in fact requirement may only be satisfied by an injury that is "concrete, particularized, and actual or imminent[.]" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citation omitted). In other words, a plaintiff cannot establish standing by

5

asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." *Carney v. Adams*, 141 S. Ct. 493, 499 (2020) (citing *Hollingsworth v. Perry*, 133 S.Ct. 2652 (2013)) (cleaned up). This doctrine "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper* 568 U.S. at 408 (2013).

To the extent Plaintiff attempts to fashion a voting rights claim, he fails by not asserting any concrete way in which cross-endorsements impair his own right to vote. *See Baker v. Carr,* 369 U.S. 186 (1962) (voters had standing to challenge as unconstitutional a Tennessee statute that debased their votes through illegal apportionment process). Plaintiff does not allege any actual impairment of his vote nor does he claim his preferred candidates are unavailable due to cross-endorsement. While Plaintiff argues that "[t]he poor, women and minorities" are being "disenfranchised and prejudiced against by cross endorsed candidates," Compl., ¶ 30, Plaintiff may not "rest his claim to relief on the legal rights or interests of third parties," *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Plaintiff fails to show any prejudice to his own right to vote, and therefore fails to allege an injury-in-fact as required by the Article III Standing doctrine.

Plaintiff also argues that, "as an elected Village Justice in Nassau County," he is "precluded as a matter of law from being involved in politics, political campaigns and from contributing to candidates," and that therefore his legal adversaries have an unfair advantage over him and his clients because they have contributed to judicial campaigns. *Id.* ¶¶ 31-32. Even if this allegation raised a particularized harm, Plaintiff fails to show how cross-endorsements cause the injury or a favorable decision would redress the harm. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (noting that Standing requires both that Plaintiff's injury be traceable to Defendant's conduct and that a favorable decision redress Plaintiff's harms).

6

Should the Court enjoin has cross-endorsements as Plaintiff has requested, *see* Compl. at 16, campaign contributions would continue as a legal, routine, and constitutionally protected aspect of American life. *McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185, 191 (2014) ("Money in politics may at times seem repugnant to some, but so too does much of what the First Amendment vigorously protects. If the First Amendment protects flag burning, funeral protests, and Nazi parades—despite the profound offense such spectacles cause—it surely protects political campaign speech despite popular opposition."). Accordingly, these allegations fail to meet the Constitutional requirements of Article III standing.

Plaintiff does not otherwise detail how cross-endorsements have injured him. Plaintiff fails to allege that he ever sought to become a judicial candidate as part New York's election process and that he was denied the endorsement of the political parties named as defendants herein, or, alternatively, that he ran an unsuccessful campaign without a party endorsement. Otherwise, Plaintiff makes complaints about the unfairness of cross-endorsements, such as that they "pollute[] freedom of choice by eliminating it," *id*. ¶¶ 22, 25, or that they promote campaign contributions and constitute "a form of legal bribery," *id*. ¶¶ 29, 31-32, and the "purchasing of judicial office," *id*. ¶¶ 34-35. To the extent these are injuries at all, they are generalized and non-cognizable under Article III. Finding that Plaintiff has failed to meet the minimal requirements of Article III standing, Plaintiff's complaint is hereby DISMISSED.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the moving Defendants' motions to dismiss. Furthermore, the Court dismisses, *sua sponte*, all claims against the non-moving Defendants for lack of standing. Plaintiff's complaint is hereby DISMISSED in its entirety. The Clerk of Court is respectfully directed to terminate the motions pending at ECF

Nos. 55, 63, 68, and 74 and close this case.

**SO ORDERED.**

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2021
       Brooklyn, New York